OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, insofar as appealed from, with costs, and the determination of the Secretary of State ordering interest to be paid as part of the restitution award should be reinstated.
 

 This Court granted leave to the Secretary of State to decide
 
 *830
 
 whether that officer has the authority to order payment of interest on restitution (Real Property Law § 441-c).
 

 In
 
 Matter of Gold v Lomenzo
 
 (29 NY2d 468) we held the Secretary of State has "inherent” authority to impose conditions on the reinstatement of a broker’s license — including the payment of restitution
 
 (id.,
 
 at 479). Thereafter, we upheld a penalty imposed by the Secretary of State that required a realtor to return the "ill-gotten profit” from the sale of property, against a challenge that the penalty was unduly harsh
 
 (see, Kostika v Cuomo,
 
 41 NY2d 673, 677). Concluding that "the secretary must be accorded broad discretion in imposing penalties” to safeguard the public interest and discourage improper practices, we held that the penalty imposed — the return of profit on the sale transaction — most effectively accomplished these goals
 
 (id.).
 

 Petitioner’s contention that, absent statutory authorization or a contractual agreement, the Secretary is without authority to require interest payments fails in light of this Court’s holdings in
 
 Matter of Gold v Lomenzo
 
 (29 NY2d 468,
 
 supra)
 
 and
 
 Kostika v Cuomo
 
 (41 NY2d 673,
 
 supra).
 
 Interest on wrongfully obtained commissions is not an award separate from restitution but, rather, represents the present economic value of the restitution itself. The imposition of a condition precedent to reinstatement of a suspended broker’s license of restitution plus interest removes the incentive to obtain commissions by deceitful practices
 
 (Kostika v Cuomo, supra,
 
 at 677). Moreover the Secretary of State’s determination in this respect, the only aspect before us, does not shock the judicial conscience
 
 (see, Matter of Pell v Board of Educ.,
 
 34 NY2d 222).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.